JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
DAVID C. KIEBLER
Nevada Bar No. 16724
**GREENBERG GROSS LLP**
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
Telephone: (702) 777-0888
Facsimile: (702) 777-0801
 *JDunn@GGTrialLaw.com*
 *MHale@GGTrialLaw.com*
 *DKiebler@GGTrialLaw.com*

Attorneys for Plaintiff
Wanda Baerga

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WANDA BAERGA, an individual, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **(1) DISCRIMINATION (N.R.S. § 613.330);** |
| TEN LIFESTYLE MANAGEMENT USA (NEVADA), LLC, a Nevada limited liability company; TEN LIFESTYLE MANAGEMENT USA, INC., a Delaware corporation, | **(2) DISCRIMINATION (42 U.S.C. § 12112 *et seq.*);** |
| Defendants. | **(3) RETALIATION (N.R.S. § 613.340);** |
| | **(4) RETALIATION (42 U.S.C. § 12203 *et seq.*);** |
| | **(5) FAILURE TO PROVIDE REASONABLE ACCOMMODATION (N.R.S. § 613.330);** |
| | **(6) FAILURE TO PROVIDE REASONABLE ACCOMMODATION (42 U.S.C. § 12112(b)(5)(A)).** |
| | **DEMAND FOR JURY TRIAL** |

-1-
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

Plaintiff Wanda Baerga ("Plaintiff" or "Ms. Baerga") alleges as follows:

**JURISDICTION AND VENUE**

2.    This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. Plaintiff's claims for damages arise, in part, under 42 U.S.C. § 12112 *et seq*. and 42 U.S.C. § 12203 *et seq*. The Court has supplemental jurisdiction over the remaining state statutory claims pursuant to 28 U.S.C. § 1367, given that all the claims are so related that they form part of the same case or controversy under Article III of the United States Constitution.

3.    Venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391 because Defendant resides in Clark County, Nevada.

**NATURE OF THE ACTION**

4.    Ms. Baerga began working for Ten Lifestyle as a Lifestyle Manager in October 2024. On or about February 14, 2025, Ms. Baerga required medical leave to treat her disabilities. Ms. Baerga promptly notified her employer of her hospitalization and remained in communication with the company while she was in the hospital.  On or about February 19, 2025, Ten Lifestyle terminated Ms. Baerga's employment while she remained hospitalized in in retaliation for her accommodation requests and medical leave and in discrimination on the basis of her disability.

**PARTIES**

5.    Plaintiff is and was at all relevant times herein, a resident of Clark County, Nevada.

6.    Defendant Ten Lifestyle Management USA. (Nevada), LLC is a Nevada limited liability company that conducts business in Clark County.

7.    Defendant Ten Lifestyle Management USA, Inc. is a Delaware corporation that conducts business in Clark County.

8.    Defendants Ten Lifestyle Management USA (Nevada), LLC and Ten Lifestyle Management USA, Inc. will be hereafter collectively referred to as "Ten Lifestyle" or "Defendants."

**FACTUAL ALLEGATIONS**

9.    On or about October 21, 2024, Ms. Baerga began working as a Lifestyle Manager for Ten Lifestyle.

10.    The following day, on or about February 14, 2025, Ms. Baerga was hospitalized for

-2-

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

disabilities including partial paralysis in her legs and gout.  Ms. Baerga promptly notified her employer of her hospitalization and disabilities.

11.     Between on or about February 15th through February 17, 2025, Ms. Baerga continued to notify her employer of her continued hospitalization for her disabilities.

12.     On or about February 19, 2025, while Ms. Baerga was still hospitalized and receiving medical treatment for her disabilities, Ten Lifestyle terminated her employment in discrimination based on her disabilities and in retaliation for her protected activity.

13.     *Summary of Plaintiff's Protected Statuses and Activity*: Ms. Baerga is a female employee who suffers from disabilities including partial paralysis in her legs and gout. Ms. Baerga's protected activities included notifying her employer of her medical condition and hospitalization, requesting medical leave for her disabilities, and taking medical leave for her disabilities.

14.     On December 15, 2025, Plaintiff timely dual filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Nevada Equal Rights Commission ("NERC"). On December 16, 2025, the EEOC closed Plaintiff's case without making findings and issued her an immediate right to sue notice. Plaintiff timely filed the instant lawsuit within 90 days of the right to sue notice.

15.     *Punitive damages*: Plaintiff is entitled to punitive damages. (42 U.S.C. § 1981a(b); Nevada Revised Statute ("N.R.S.") 42.001, 42.007.)

16.     *Reckless Indifference and Conscious Disregard*: Defendants Ten Lifestyle Management USA (Nevada), LLC and Ten Lifestyle Management USA, Inc. knew of the probable economic harm and emotional distress that would ensue as a result of the wrongful conduct perpetrated. Yet Defendants Ten Lifestyle Management USA (Nevada), LLC and Ten Lifestyle Management USA, Inc. willfully and deliberately caused the wrongful conduct, both through its actions and inactions.

17.     *Malice*: The conduct of Defendants Ten Lifestyle Management USA (Nevada), LLC and Ten Lifestyle Management USA, Inc. was committed with malice, including that (a) Defendants Ten Lifestyle Management USA (Nevada), LLC and Ten Lifestyle Management USA, Inc. acted with intent to cause injury to Plaintiff and/or acted with reckless disregard for Plaintiff's injury,

including by terminating Plaintiff's employment and/or taking other adverse job actions against Plaintiff because of their good faith complaints, and/or (b) the conduct of Defendants Ten Lifestyle Management USA (Nevada), LLC and Ten Lifestyle Management USA, Inc. was despicable and committed in willful and conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

18.    *Oppression:* In addition, and/or alternatively, The conduct of Defendant was committed with oppression, including that the actions of Defendants against Plaintiff were cruel and subjected her to unjust hardship and with conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

19.    *Fraud:* In addition, and/or alternatively, the conduct of Defendants, as alleged, was fraudulent, including that Defendants asserted false and pretextual grounds for terminating Plaintiff's employment and/or other adverse job actions, thereby causing Plaintiff hardship and depriving her of legal rights or otherwise injuring Plaintiff.

20.    Further, Defendants are liable for the wrongful acts of its employees, including its supervisory personnel, because Defendants had advance knowledge that these employees were unfit for the purposes of the employment and yet employed these employees with a conscious disregard for the rights or safety of others. (42 U.S.C. § 2000e(b); N.R.S. 42.007.)

## FIRST CLAIM FOR RELIEF

### Workplace Discrimination in Violation of N.R.S. § 613.330

### (Plaintiff Wanda Baerga against Defendants Ten Lifestyle Management USA (Nevada), LLC and Ten Lifestyle Management USA, Inc.)

21.    The allegations set forth in the preceding paragraphs are re-alleged and incorporated herein by reference.

22.    Plaintiff was employed by Defendants as defined by N.R.S. § 613.310, and thus is prohibited from discriminating against any person with respect to the person's compensation, terms, conditions, or privileges of employment on the basis of any protected status as set forth in

-4-

N.R.S. § 613 *et seq.* Further, employers must provide a workplace free of discrimination on the basis of these protected statuses.

23.    The acts and omissions of Defendants as more fully set forth herein, constituted discrimination within the meaning of N.R.S. § 613.330.

24.    Plaintiff is within the class of persons that N.R.S. § 613.330 intends to protect and termination of employment on the basis of discrimination is the type of injury prohibited by N.R.S. § 613.330.

25.    Plaintiff charges that Defendants discriminated against the Plaintiff based on her protected status or statuses.

26.    As a direct and proximate result of the violations and conduct described herein, Plaintiff was subjected to unlawful discrimination, loss of her employment, and loss of income and benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental and emotional injury, pain, and distress.

27.    Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020, as well as attorneys' fees under N.R.S. § 613.432 and 42 U.S.C. § 2000e-5(k).

28.    The acts of Defendants alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendants and to make an example of and deter Defendants from engaging in such conduct in the future.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

-5-

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## SECOND CLAIM FOR RELIEF

**Workplace Discrimination in Violation of 42 U.S.C. § 12112 et seq.**

**(Plaintiff Wanda Baerga against Defendants Ten Lifestyle Management USA (Nevada), LLC and Ten Lifestyle Management USA, Inc.)**

29.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

30.    Plaintiff is a member of the class of persons protected by federal statutes prohibiting discrimination based on disability.

31.    Defendants employed Plaintiff, as defined by 42 U.S.C. § 12111(5), and thus was prohibited from discriminating against qualified individuals with disabilities as set forth in 42 U.S.C. § 12112(a).

32.    Plaintiff has a disability or disabilities as defined by 42 U.S.C. § 12102(1).

33.    Plaintiff was qualified to perform the essential functions of her job, with or without reasonable accommodation.

34.    Defendants took adverse employment actions against Plaintiff because of her disability or disabilities, including the decisions to terminate Plaintiff's employment, not to retain, hire, or otherwise employ Plaintiff in any position, and/or to take other adverse employment actions against Plaintiff.

35.    The discriminatory acts of Defendants constitute a violation of the Americans with Disabilities Act (ADA), which makes it unlawful for an employer to discriminate against an employee on the basis of disability.

36.    The discriminatory acts of Defendants have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

37.    The acts of Defendants alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's

rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendants, and to make an example of and deter Defendants from engaging in such conduct in the future.

38.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

## THIRD CLAIM FOR RELIEF

### Workplace Retaliation in Violation of N.R.S. § 613.340

### (Plaintiff Wanda Baerga against Defendants Ten Lifestyle Management USA (Nevada), LLC and Ten Lifestyle Management USA, Inc.)

39.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

40.    Plaintiff was employed by Defendants.

41.    Plaintiff engaged in protected activity.

42.    Defendants were aware of Plaintiff's protected activity.

43.    After engaging in protected activity, Plaintiff suffered an adverse employment action.

44.    There is a causal connection between Plaintiff's protected activity and the adverse employment action.

45.    The conduct of Defendants alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

46.    The acts alleged herein were undertaken with the malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendants, and to make an example of and

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

deter Defendants from engaging in such conduct in the future.

47.     Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

### FOURTH CLAIM FOR RELIEF

**Retaliation in Violation of 42 U.S.C. § 12203 *et seq.***

**(Plaintiff Wanda Baerga against Defendants Ten Lifestyle Management USA (Nevada), LLC and Ten Lifestyle Management USA, Inc.)**

48.     The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

49.     Plaintiff is within the class of persons that 42 U.S.C. § 12203 intends to protect and retaliation for engaging in protected activity is the type of injury prohibited by 42 U.S.C. § 12203.

50.     Plaintiff was an "employee" of Defendants as defined by 42 U.S.C. § 12111(4).

51.     Defendants were an employer, as defined by 42 U.S.C. § 12111(5), and thus was barred from retaliating against any person for opposing or reporting any unlawful discrimination or harassment against employees on a protected basis as set forth in 42 U.S.C. § 12101 *et seq*. as well as against any person for requesting an accommodation as provided under the same the statute.

52.     Plaintiff opposed and reported discriminatory or harassing conduct prohibited by 42 U.S.C. § 12101 *et seq*. and/or requested an accommodation as provided under the same statute.

53.     As a result of Plaintiff's complaints regarding, opposition to, and/or requests for accommodation related to these unlawful practices, Defendants engaged in a course of retaliatory conduct, which included subjecting Plaintiff to a hostile work environment.

54.     The conduct of Defendants constitutes retaliation in violation of the Americans with Disabilities Act of 1990, as amended, which makes it unlawful for an employer to retaliate against an employee who complains about, opposes discrimination or harassment, or requests an accommodation.

55.     The conduct of Defendants alleged herein has caused damage and harm to Plaintiff, including past and future lost earnings, salary, and other employment benefits,  in an amount

according to proof at trial.

56. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

**FIFTH CLAIM FOR RELIEF**

**Failure to Provide Reasonable Accommodation in Violation of N.R.S. § 613.330**

**(Plaintiff Wanda Baerga against Defendants Ten Lifestyle Management USA (Nevada), LLC**

**and Ten Lifestyle Management USA, Inc.)**

57. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

58. Plaintiff was employed by Defendants, as defined by N.R.S. § 613.310.

59. Employers are prohibited from discriminating against any employee with respect to the person's compensation, terms, conditions, or privileges of employment on the basis of disability as set forth in N.R.S. § 613 *et seq.* Failing to provide reasonable accommodation to qualified individuals with disabilities is one such type of actionable discrimination.

60. Plaintiff has a disability as defined by N.R.S. § 613.310. Plaintiff is within the class of persons that N.R.S. § 613.330 intends to protect.

61. Plaintiff requested a reasonable accommodation for her disability.

62. Defendants failed to provide reasonable accommodation for Plaintiff's disability.

63. The failure of Defendants to provide reasonable accommodation constitutes a violation of N.R.S. § 613.330.

64. The acts of Defendants alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

65. The acts of Defendants alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's

rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendants, and to make an example of and deter Defendants from engaging in such conduct in the future.

66. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

**SIXTH CLAIM FOR RELIEF**

**Failure to Provide Reasonable Accommodation in Violation of 42 U.S.C. § 12112(b)(5)**

**(Plaintiff Wanda Baerga against Defendants Ten Lifestyle Management USA (Nevada), LLC**

**and Ten Lifestyle Management USA, Inc.)**

67. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

68. Plaintiff is a member of the classes of persons protected by federal statutes requiring reasonable accommodation for disabilities.

69. Plaintiff was an employee, as defined by 42 U.S.C. § 12111(4).

70. Defendants employed Plaintiff, as defined by 42 U.S.C. § 12111(5), and thus was required to provide reasonable accommodation to qualified individuals with disabilities as set forth in 42 U.S.C. § 12112(b)(5).

71. Plaintiff has a disability as defined by 42 U.S.C. § 12102(1).

72. Plaintiff requested reasonable accommodation for her disability.

73. Defendants failed to provide reasonable accommodation for Plaintiff's disability.

74. The failure of Defendants to provide reasonable accommodation constitutes a violation of the ADA, which makes it unlawful for an employer to fail to provide reasonable accommodation to an employee with a disability.

75. The acts of Defendants alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

76.    The acts of Defendants alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendants, and to make an example of and deter Defendants from engaging in such conduct in the future.

77.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

78.    Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

-11-

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.    For compensatory damages and other special and general damages according to proof, including, without limitation, lost earnings, salary, bonuses, and other job benefits Plaintiffs would have received but for Defendant's wrongful conduct;

2.    Emotional distress damages;

3.    Punitive and exemplary damages in an amount sufficient to punish Defendant, and to make an example of and deter Defendant from engaging in such conduct in the future;

4.    For an award of reasonable attorneys' fees and costs incurred in this action;

5.    For pre-judgment and post-judgment interest, as provided by law; and

6.    For other and further relief as the Court may deem just and proper.

DATED: January 4, 2026                    GREENBERG GROSS LLP

By:    */s/ Jemma E. Dunn*
       Jemma E. Dunn
       Matthew T. Hale
       David C. Kiebler

       Attorneys for Plaintiff
       Wanda Baerga

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Plaintiff Wanda Baerga hereby demands a jury trial.


DATED: January 4, 2026                    GREENBERG GROSS LLP



                                          By:   */s/ Jemma E. Dunn*
                                                Jemma E. Dunn
                                                Matthew T. Hale
                                                David C. Kiebler

                                                Attorneys for Plaintiff
                                                Wanda Baerga

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL